# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KD Graphics, Inc., and** : | CIVIL ACTION |
| **Jeffrey Kwait,** : | NO. 02-CV4041 |
|       **Plaintiffs,** : | |
|       v. : | |
| **Tropical Graphics, Inc., and** : | |
| **Paul Hirst,** : | **JURY TRIAL DEMANDED** |
|       **Defendants.** : | |
| : | |

## ORDER

    AND NOW, this ____ day of _____, 2002, upon consideration of Plaintiffs' Motion to Dismiss and Defendants' response thereto, it is hereby ORDERED that Plaintiffs' Motion to Dismiss is GRANTED and it is further ORDERED as follows:

1. Count IV of Defendants' Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Amended Complaint is hereby dismissed.

2. Count V of Defendants' Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Amended Complaint is hereby dismissed.

                                                    _____ J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KD Graphics, Inc., and** | : | CIVIL ACTION |
| **Jeffrey Kwait,** | : | NO. 02-CV4041 |
| Plaintiffs, | : | |
| v. | : | |
| **Tropical Graphics, Inc., and** | : | |
| **Paul Hirst,** | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |
| | : | |

## PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

Plaintiffs KD Graphics ("KD") and Jeffrey Kwait ("Kwait") hereby move this Honorable Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Count IV Alter Ego Breach of Contract and Count V Intentional Interference With Business Relations contained in Defendants' Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Amended Complaint. Defendant has failed to set forth facts which, if true, state a claim upon which relief can be granted. KD and Kwait respectfully request that this motion be granted and in support of such motion attach the accompanying Memorandum.

DATE: September 5, 2002           Respectfully submitted,

                                  STEIN AND SILVERMAN, P.C.


                                  _____
                                  Leon W. Silverman, ID #04244
                                  Andrew Lapat, ID #55673
                                  230 S. Broad Street, 18th Floor
                                  Philadelphia, PA 19102
                                  (215) 985-0255

                                  Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KD Graphics, Inc., and Jeffrey Kwait, | : | CIVIL ACTION NO. 02-CV4041 |
| Plaintiffs, | : | |
| v. | : | |
| Tropical Graphics, Inc., and Paul Hirst, | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

FACTS

This action stems from the Plaintiffs' purchase of ink from defendants. In conjunction with the purchase of ink defendants made a number of misrepresentations and concerning the quality and nature of the ink sold. Specifically, defendants represented to plaintiffs that they were selling BASF ink. They were not. Upon the first use of the ink by Plaintiffs the ink clogged the printer and caused substantial damage to Plaintiffs' business. Additionally, defendant promised technical support with the ink. Such support was not provided.

Plaintiffs have paid defendants substantial amounts of money for the ink purchased from defendants. However, defendants claim that despite their fraudulent misrepresentations, additional money needs to be paid. When such money was not paid, defendants began their campaign to ruin Plaintiffs' business. Defendants posted defamatory material on the website of World Wide Inks stating "Watch out for the Crooks in this Industry. If you deal with this company make sure you do it on a cash only basis your money is not safe." KD's name address, phone and fax numbers were then listed. Further, defendants submitted the URL from World

Wide Inks to many internet search engines. Such a submission served a dual purpose: the first was to increase the likelihood that a prospective or current customer of Plaintiffs would interact with the defamatory website; the second and perhaps more insidious, is that Plaintiffs' email address was now on hundreds of junk mail lists.

Plaintiff began to receive hundreds junk emails each day. The flood of junk email has rendered Plaintiffs' email address virtually useless. The email address was a valuable and efficient means of communicating with clients and prospective clients. Some of these entities only had the email as a means of communication. This has been ruined by defendants' actions. Plaintiffs know that the junk emails come from defendants' submission of the World Wide Inks' URL to internet search engines because many of the junk emails are addressed to Jeff "The Crook" Kwait. This is how defendants submitted Plaintiffs' email address.

Defendants try to parrot many of the same claims made by Plaintiffs in the Amended Complaint in their counterclaims, such as the allegations of junk faxes and threatened defamation. However, even if defendants' allegations were true as alleged in the counterclaims, they do not state causes of action for intentional interference with business relations and do not provide the basis for piercing the corporate veil.

## ARGUMENT

Defendants filed and Answer containing affirmative defenses and counterclaims. A true and correct copy is attached hereto as Exhibit 1. Among the counterclaims are Counts IV and V, bringing claims for Alter Ego Breach of Contract and Intentional Interference With Business Relations, respectively. Neither Count sets forth facts which, if true, support the claim being

asserted and therefore, both Counts IV and V fail to state a claim upon which relief can be granted.

Count IV seeks to make Kwait personally liable for contracts between KD and Tropical. To make Kwait liable for such requires the Court to pierce the corporate veil. However, defendants have not plead any facts to support such a drastic action by the Court. "Generally, a shareholder is not personally liable to perform corporate obligations." <u>Kaplan v. First Options of Chicago, Inc.</u>, 19 F. 3d 1503, 1521 (3rd Cir. 1994), rehearing and rehearing denied, 29 F. 3rd 111, <u>cert. granted in part</u>, affirmed, 514 U.S. 938 (1995). Defendants in three short paragraphs (Paragraphs 76-78 of the Counterclaims) simply allege that Kwait is the alter ego of KD and as the alter ego Kwait is liable for KD's obligations. Such allegations are insufficient to pierce the corporate veil.

"The corporate veil is pierced only when 'the corporation was an artifice and a sham to execute illegitimate purposes and [an] abuse of the corporate fiction and the immunity that it carries.'" <u>Id.</u>, <u>citing</u>, <u>Wheeling-Pittsburgh Steel Corp. v. Intersteel Inc.</u>, 758 F. Supp. 1054, 1058 (W.D.Pa. 1990). Defendants have not alleged that the corporation was a sham or an artifice used to execute illegitimate purposes. Defendants have failed to properly plead Alter-Ego Breach of Contract in Count IV of their counterclaim. This is merely a weak effort to have Kwait in the case personally as Hirst, the president of Tropical, was named as a defendant in this action. However, Hirst is properly named as a defendant because of his personal involvement in the fraudulent acts and internet related malfeasance. Count IV of defendants' counterclaim is an example of the tic-for-tac allegations presented therein.

Similarly, defendants have failed to properly plead Intentional Interference With Business Relations. To properly plead this tort plaintiff must plead: (1) the existence of a prospective relationship, (2) the intent to harm by the defendant, (3) no justification for defendant's actions, and (4) damage to the plaintiff. Mansmann v. Tuman, 970 F. Supp. 389, 398 (E.D.Pa. 1997). Instead defendant allege that for several days in June, 2002 they received thousands of blank faxes which disrupted their business and caused Tropical to loose orders. Defendants allege that the faxes were sent by KD. Defendants then allege that Kwait threatened to defame Tropical and Hirst and that such threats upset Hirst and thus disrupted the business of Tropical.

Threats of defamation are not actionable. Only actual defamation is actionable and defendants make clear that they are not alleging actual defamation: "At present time, Tropical Graphics is not aware whether Kwait followed through on his improper threats to make false and unlawful statements. . ." (Paragraph 97). Damage from emotional distress is properly redressed in intentional infliction of emotional distress which defendants have not alleged. Intentional interference with business relations does not redress emotional harm.

The allegations concerning the faxes also fail to state a claim. Defendant has not alleged even a single relationship that has been interfered with or one contract that has been lost. Instead defendants allege that since they received a substantial amount of junk faxes they must not have received any orders. The tort of intentional interference with business relations is properly invoked when a party seeks to interpose itself in an existing or developing relationship to obtain the benefit for itself and deprive the initial beneficiary of the rewards of that business relationship. See, U.S. Healthcare v. Blue Cross of Greater Philadelphia, 898 F.2d 914 (3rd Cir.

1990)(U.S. Healthcare sought to prevent the airing or commercials by Blue Cross designed to regain subscriptions lost to U.S. Healthcare).

The allegations contained in Count V are nothing more than a mimicking of the email related claims against defendants contained in the Amended Complaint. Count V should be dismissed for failure to state a cause of action.

DATE: September 5, 2002                    Respectfully submitted,

                                           STEIN AND SILVERMAN, P.C.


                                           _____
                                           Leon W. Silverman, ID #04244
                                           Andrew Lapat, ID #55673
                                           230 S. Broad Street, 18th Floor
                                           Philadelphia, PA 19102
                                           (215) 985-0255

                                           Counsel for Plaintiffs


G:\KD Graphics\MotDismiss.wpd