UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KD GRAPHICS, INC. and JEFFREY KWAIT, : : : Plaintiffs, : : vs. : TROPICAL GRAPHICS, INC. and PAUL HIRST, : : : Defendants. : | Civil Action No. 02-CV-4041<br><br>JURY TRIAL DEMANDED |

**BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO OPEN DEFAULT AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST PLAINTIFFS**

Pursuant to Federal Civil Procedure Rules 55 (a) and (b) (2), default judgment against Plaintiffs is proper.

This litigation relates to a scheme by Plaintiffs, KD Graphics, Inc. and Jeffrey Kwait, to avoid payment of their debts and obligations to Defendant Tropical Graphics, Inc. Plaintiffs purchased bulk orders of dye sublimation inks from Tropical Graphics on several occasions in 2001 and 2002. (Counterclaim ¶¶ 19-22). Plaintiffs never fully paid for these purchases. (Id.) Tropical Graphics also completed a graphics project for Plaintiffs, and Plaintiffs also never paid for that. (Counterclaim ¶¶ 52-62). Further, Plaintiffs are liable to Tropical Graphics for repeatedly calling Tropical Graphics with technical dye sublimation questions, despite refusing a contract for technical services. (Counterclaim ¶¶ 58-62). Moreover, prior to filing the lawsuit, it is believed that Plaintiff Jeffrey Kwait, the President of KD Graphics, or another employee of KD Graphics, was responsible for faxing hundreds or

thousands of blank faxes to Tropical Graphics, which rendered Tropical Graphics' fax machine useless for several days and caused a loss of business orders. (Counterclaim ¶¶ 91-98).

Despite Plaintiffs' outstanding debt and liability to Defendants, Plaintiffs initiated this litigation on or about June 24, 2002. On June 26, 2002, Plaintiffs filed an Amended Complaint against Defendant Tropical Graphics and its President, Paul Hirst. On August 16, 2002, Defendants filed and served on Plaintiffs a Counterclaim, alleging five counts.[1] Plaintiffs responded with a motion to dismiss Counts IV and V, but failed to respond to the other three. The Court denied Plaintiffs' motion to dismiss. [2]

---

[1] In Count I of the Counterclaim, Defendants state that Plaintiff KD Graphics is liable for failing to pay for ArTainium ink and a bulk ink delivery system that it purchased from Defendants. In Count II, Defendants aver breach of implied contract against Plaintiff KD Graphics for failing to pay for technical services and for failing to pay for a graphics project. The third count is an unjust enrichment and quantum merit count against Plaintiff KD Graphics for the graphics projects. Count IV is an alter-ego breach of contract claim against Plaintiff Jeffrey Kwait. In the final count, Defendants aver that Plaintiffs interfered with their business by, among other things, sending hundreds or thousands of faxes to Tropical Graphics, flooding the fax machine and causing a loss of business orders.

[2] Despite filing a motion to dismiss against the initial Counterclaim, Plaintiffs would have still been obligated to answer the initial Counterclaim had Defendants not filed an Amended Counterclaim. Federal Civil Procedure Rule 12 (4)(A) states:

> Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:
>
> (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action.

See McNeil v United States, 12 Fed. Appx. 805, 807 n.1, 2001 WL 459925, *1 (10th Cir. 2001) (the Rules require an answer when the court postpones disposition of a motion to dismiss until trial). The Court denied the motion to dismiss but permitted Plaintiffs to raise the arguments therein again at the hearing. Thus, the Motion to Dismiss cannot be a defense to the initial Counterclaim let alone the Amended Counterclaim filed thereafter.

On September 19, 2002, Defendants filed and served on Plaintiffs an Amended Counterclaim.3  Pursuant to Federal Rules of Civil Procedures 15 and 6, Plaintiffs had until October 7, 2002 to respond to Defendants' Amended Counterclaim.  Rule 15 allows a party to respond to an amended pleading within ten days after service of the amended pleading or within the time allowed to respond to the original pleading, whichever is longer.  A response to the initial Counterclaim, served on August 16, 2002, was due on September 5, 2002.  Ten days from service of the Amended Counterclaim, September 19, 2002, excluding Saturday and Sundays and adding three extra days for mailing under Rule 6, was October 7, 2002.  Thus, Plaintiffs' response to the Amended Counterclaim had to be filed and served on or before October 7, 2002.

Defendants filed for default against Plaintiffs on the morning of October 16, 2002.  The Clerk entered default against Plaintiffs on the same day.  After receiving notice of the Default, Plaintiffs filed a belated Answer on October 17, 2002.  With an Arbitration date set for December 17, 2002, Plaintiffs' late filing has prejudiced Defendants' right to take discovery and all discovery papers to date have been prepared without the benefit of an Answer.4  Moreover, the entry of default on Defendants' counterclaims will not hinder Plaintiffs' ability to pursue their own claims.  Consequently, default judgment should be entered against Plaintiffs and in favor of Defendants as to all counts in Defendants' Amended Counterclaims, pursuant to Federal Rules of Civil Procedure 55 (a) and (b) (2).

---

3    The Amended Counterclaim included only a few additions to the initial counterclaim, almost all of which are in Count IV.

4    Plaintiffs' counsel Andrew Lapat has stated that he intends to petition the Court for a later arbitration date but has thus far apparently taken no action.  Defendants do not oppose moving the Arbitration to a date on or after March 4, 2003.

The entry of default "operates as an admission" of the well pleaded factual allegations of Defendants' counterclaims. <u>Ginsberg Associates Profit Sharing Plan v. Cohen</u>, CIV. A. No. 94-3861, 1996 WL 571781, at *1-2 (E.D. Pa. October 1, 1996) (citing <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142 (3d Cir. 1990) (citations omitted)).  In their Amended Counterclaim, Defendants seek damages in the amount of $1933.17 plus additional damages, costs, and fees to be determined by this Court.  A hearing is presently scheduled for December 17, 2002.  Defendants request damages in the amount of $1933.17 plus additional damages as may be awarded at the hearing.

        Respectfully submitted,

_____
Tracy Zurzolo Frisch, Esquire ID #71072
Steven T. Voigt, Esquire ID #85091
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215)851-8100

Counsel for Defendants

Date:  October ___, 2002