02-955

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KD GRAPHICS, INC. and JEFFREY KWAIT : | |
| **Plaintiffs,** : | |
| : | CIVIL ACTION NO. 02-4041 |
| v. : | |
| : | |
| TROPICAL GRAPHICS, INC. and PAUL HIRST : | |
| **Defendants**. | |

## **ORDER**

ANDAND NOW, this       day of       AND NOW, this       day of       AND NOW, this       day of SummarySummary Judgment and Defendants Response thereto, it is hereby ORDERED that Plaintiffs Motion for Summary Judgment on Defendants Counterclaims is DENIED in its entirety.

BY THE COURT:

_____
J.

02-955

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KD GRAPHICS, INC. and JEFFREY KWAIT : | |
| **Plaintiffs,** : | |
| : | CIVIL ACTION NO. 02-4041 |
| v. : | |
| : | |
| TROPICAL GRAPHICS, INC. and PAUL HIRST : | |
| **Defendants**. | |

### DEFENDANTS MOTION IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS COUNTERCLAIMS

Defendants, Defendants, Tropical Graphics, Inc. ( Tropical ) and Paul Defendants, Tropical Graphics, Inc. (

Honorable Honorable Court to deny Plaintiffs Motion Honorable Court to deny Plaintiffs Motion Summary Judgm

intentional intentional interference with business relationships, for implied contract and quantum meruit for

technical technical support ren technical support rendered technical support rendered to Plaintiff, KD Graphics,

corporate corporate veil corporate veil and find against Plaintiff, corporate veil and find against Plaintiff, Jeffrey Kv

that that Plaintiffs Motion be denied in its entirety and support thereof at that Plaintiffs Motion be denied

Memorandum.

DATE: December 13, 2002

                                                      Respectfully submitted,

                                                      REGER & RIZZO, LLP

By: _____
     Jason J. Sweet, Esquire
     1150 First Avenue, Suite 250
     King of Prussia, PA 19406
     610-878-9901
     Attorney for Defendants

02-955

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KD GRAPHICS, INC. and JEFFREY KWAIT : | |
| **Plaintiffs,** : | |
| : | CIVIL ACTION NO. 02-4041 |
| v. : | |
| : | |
| TROPICAL GRAPHICS, INC. and PAUL HIRST : | |
| **Defendants**. | |

**DEFENDANTS MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS COUNTERCLAIMS**

**I.   FACTS:**

Defendant, Defendant, Defendant, TroDefendant, Tropical Graphics, Inc. ( Tropical ), sells graphic desig toto more than fifteen hundred (1500) satisfied customers worldto more than fifteen hundred (1500) satisfied cus byby Tropical is a house-brand ink known asby Tropical is a house-brand ink known as Artainium Ink. Artaini specializedspecialized printers known as sublimationspecialized printers known as sublimation printers. Sublin isis passed through an ink jet printer onto regularis passed through an ink jet printer onto regular paper, and then onto a substraight.

Plaintiff, Plaintiff, KD Graphics ( KD ), as wellPlaintiff, KD Graphics ( KD ), as well as its President, P Ego, Ego, Jeff Kwait ( Kwait ) was a customer of Tropical beginning in August, 2001. Ego, Jeff Kwait ( Kwait inquiredinquired aboutinquired about purchasing a sublimation printer from Tropical Graphics but decided to in aa printer from another source. a printer from another source.  However, from August, a printer from another so KD placed four large order for Artainium ink with Tropical.

1

From the beginning of the relationship it was apparent [that Kwait did not know how] to operate the sublimation printer, or otherwise was careless and negligent in doing [so]. [In] August, 2001, Tropical offered KD a technical support services [contract for the] maintenance of the sublimation printer, but Kwait and KD refused to purchase [it]. Despite refusing to pay for the contract, Kwait [continued...]

Kwait admitted to Tropical that, on multiple occasions, he allowed ink to lay in t[he printer] for lengthy periods of time. Indeed, in the early [months of 2002, Kwait admitted that his business] suffered a down turn and that he had left the printer idle with ink in it for over [a month]. Tropical responded that this practice can damage the printer and sent Kwait a flushi[ng kit at] no charge to help foster good will. Kwait also tried to replace [parts of the printer] against the advice of Tropical, which had recommended that he [allow Tropical to do the] work. From August, 2001 to the beginning of April, 2002, Kwait and KD never complained [about] Tropical's Artainium ink. To the contrary Kwait and K[D continued to place] orders. Tropical continued to work with Kwait and KD despite their [failure to pay for what] they ordered. Only after Tropical notified Kwait and KD in [writing that it would not ship] additional ink unless they paid their outstanding debt, did Kwa[it begin to claim] problems with the printer on the Artainium ink.

Thereafter, Kwait's unreasonable conduct escalated. [Kwait contacted] Tropical and threatened to disparage the good name and reputation of the company, produc[ts and the] company's President, Paul Hirst. Further, for a period of [time,] Tropical's fax machine was flooded with hundreds of thousands of blank faxes. Tropical's fax machin[e... evidence showed] that Kwait sent these faxes. As a result of us[ing... Tropical lost] product orders, business and sustained damage to its customer relationships.

2

Plaintiff is not entitled to Summary Judgment on Defendants' claims for intentional interference with business relationships, claims for quantum meruit for technical support provided to KD, and Defendants' claim to pierce the corporate veil and find against Jeffrey Kwait personally, exist for each claim identified in Plaintiffs' Motion. contention that no genuine issues of material fact pertain to these claims which would support their motion.

## II. ARGUMENT:

### A. Standard:

Rule 56(c) of the Federal Rules of Civil Procedure provides Judgment shall be granted where all of the evidence of material fact and that the moving party is entitled to judgment as a matter of law. issue of fact is present, precluding summary judgment, when all evidence, could rationally find in favor of the non-moving party in placed on the nonmover. Gilbert v. The Bionetics Corporation, 2000 WL807015 (6, 2000) quoting US v. Premises known as R.R. #1 Box 224, Dauphin (3rd Circuit 1994). All inferences must be viewed in a light most favorable to the non-moving party, and facts asserted by the non-moving party, evidentiary matter, must be regarded as true. Gilbert, 2000 WL807015 at *2.

### B. Defendants should be allowed to establish potential interference with Defendants' relations at the time of trial because genuine issues of material fact exist.

An essential element of intentional interference to show an intentional and unjustified interference by the Defendant. See C.D. Peacock, Inc. v. The Neiman Marcus Group, Inc., 1998 WL 111738 (E.D. Pa. 1998). In

3

Defendants (Counterclaim Plaintiffs) assert that for June 27, 2002, Tropical's fax machine became flooded with Declaration, paragraph 1, attached as Exhibit 1). As a Tropical's fax machine was unable to receive orders for services business orders during this time period. (See Exhibit 1, paragraph 2). Defendants believe that these blank faxes were sent by KD, its employees, or Kwait. (See Exhibit 1, paragraph 3).

In order to rebut Defendants' con from all telephones at KD Graphics. (See Exhibit on Defendants' Counterclaims). Although admittedly fax number or the regular voice telephone l faxes could well have been sent from another location by are aware, the depositions of Defendants and Plaintiffs allowed to gather evidence in support of their claim t Plaintiffs request for summary judgment on the the above actions, which creates an issue of fact f Therefore, a general issue of material fact exists summary judgment on Defendants' claim of intentional interference with business relations.

**C.    Defendant should be allowed to pierce the material fact exists as to whether Kwait illegitimate interference with Tropical's business.**

Although the general rule is that a shareholder is not personally obligations, the corporate veil will be pierced when the corporation was use illegitimate purposes and abuse of the corporate fiction. 19 F.3d, 1503 (3rd Cir. 1994) *citing* Wheeling-Pittsburgh Steel Corp. v. Int

4

Supp. 1054, 1058 (W.D. Pa. 1990). In deciding whether to pierce the corporate veil, the court's basic concerns are determining if equity requires that the shareholder's traditional insulation personal liability be disregarded and ascertaining if the corporate form is a sham, con facade for the operations of the dominant shareholder. Steel Corp. v. Intersteel, Inc., 758 F. Supp. 1054, 1058 (W.D. Pa. 1990).

The alter ego concept is a tool of equity that is appropriately utilized prevent fraud, illegality or injustice or when the recognition of the corporate entity would public policy or shield someone from public liability for a crime. K event that permits the corporate veil to be pierced is the fact that the for the operations of the dominant stock holder or stock holders. Id., at 1521.

KD Graphics has only three shareholders as stated in KD Grap Request for Admissions, President Jeffrey Kwait, Christy Kwait, and Ladina Kwait. (See Plaintiffs' Answers to Defendants' Request for Admi Therefore, KD operates merely as a facade for the operations of The Ladina Kwait as dominant stockholders and the only stockholders. Furthermore, Jef is using the corporation fiction for the illegitimate purpose of interfering with by bombarding Tropical with blank fax orders in order to di mechanisms. (See Exhibit 1, paragraph 3). Kwait, as President of KD, in a conversati Defendant Hirst on June 17, 2002, also threatened to defame Tropi conventions. (See Exhibit 1, paragraph 4).

As stated above, the depositions of Jeffrey Kwait and Christy Kwait remain outstanding, as well as the depositions of Defendants' employees, Simon Wells and Paul Hirst. Plaintiffs' Motion for Summary Judgment on Defendants' claim to pierce the corporate veil

5

substantial discovery remains outstanding. Likewise, as stated above, a closely held corporation and a material issue of fact exists as to whether it is merely a sham in order to cover Kwait's illegitimate purposes in harming Tropical's business. Motion for Summary Judgment should be dismissed in its entirety.

### D. Defendants have shown an implied contract and unjust enrichment support provided to KD Graphics and, therefore, to preclude summary judgment.

Defendants' Counterclaim, Count II asserts implied contract and Count III asserts unjust enrichment/quantum meruit as a cause of action. Count II of Defendants' Counterclaim asserts that KD failed to pay Tropical for a graphics project in addition to support services that Tropical provided KD for advice regarding Printer. (See Defendants' Answer, Affirmative Defenses and First Amended Counterclaim to Plaintiffs' Amended Complaint, Count II).

To the contrary of Plaintiffs' contentions in their Motion for Summary Judgment, Tropical agreed to and undertook to produce the graphics projects as requested and provide technical support and advice to KD. (See Exhibit 1, paragraph 5; see also the Declaration of Mario Carangelo, at paragraph 2, attached as Exhibit 3). KD was aware of the support contract for its technical services and advice and availed itself of those services. (See Exhibit 1, paragraph 6, and Exhibit 3, paragraph 2).

Count III of Defendants' Counterclaim asserts that KD availed itself of, but failing to pay for, Tropical's services in providing graphics products and for technical services and advice. (See Defendants' Answer, Affirmative Defenses and First Amended Counterclaim to Plaintiffs' Amended Complaint, Count III). Count III avers that Tropical is entitled to quantum meruit recovery Tropi

technical support services from Tropical and that KD never paid for such services. (See Defendants' Answer, Affirmative ... stated abstated above, Tropical produced graphic projects at the request of KD and provided tech... services support. (See Exhibit 1 and Exhibit 3). In addition... person, Mario Carangelo spent twelve hours working with KD on technic... for which he bills $75.00 per hour. (See Declaration of Mario Carangelo, Exhi... 2 and 3). Also, Paul Hirst, President of Tropical spent five (5) hou... Exhibit 1, paragraph 5). Mr. Hirst's billing rate for technical service and... hour. (See Exhibit 1, paragraph 7). To date, although demand ha... pay for Tropical's technical support and services. (See Exhibit 1, paragraph 8).

As the above indicates, Defendants have established sufficien... implied contract, and unjust enrichment/quantum meruit in order... for Summary Judgment. Therefore, as genuine issues... Summary Judgment should be denied.

### III. CONCLUSION:

Based on the foregoing, Defendants assert that genuine issues of material fact which would preclude granting Plaintiffs' Motion for Summary Judgment. T... request that this Honorable Court deny Plaintiffs' Motion for... and enter the proposed Order attached hereto.

        Respectfully submitted,

        REGER & RIZZO, LLP

By: _____
    Jason J. Sweet, Esquire
    Attorney for Defendants

02-955

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KD GRAPHICS, INC. and JEFFREY KWAIT : | |
| **Plaintiffs,** : | |
| : | CIVIL ACTION NO. 02-4041 |
| v. : | |
| : | |
| TROPICAL GRAPHICS, INC. and PAUL HIRST : | |
| **Defendants**. | |

### CERTIFICATE OF SERVICE

I,I, JASON I, JASON J. SWEET, ESQUIRE, hereby certify that I served a true and correct copy of Defendants Defendants  Memorandum in Opposition to Plaintiffs  Motion for Summary Judgment on Defendants Defendants  Counterclaims on the following by mailing same, first class, pDefendants Counter December 13, 2002:

Andrew Lapat, Esquire
STEIN AND SILVERMAN, P.C.
230 South Broad Street, 18th Floor
Philadelphia, Pa 19102

By:  _____
Jason J. Sweet, Esquire