02-955

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KD GRAPHICS, INC. and JEFFREY KWAIT : | |
| **Plaintiffs,** : | |
| : | CIVIL ACTION NO. 02-4041 |
| v. : | |
| : | |
| TROPICAL GRAPHICS, INC. and PAUL HIRST : | |
| **Defendants**. | |

# ORDER

ANDAND NOW, thisAND NOW, this       day of AND NOW, this      day of            , 2002, upon c

inin Opposition to Plaintiffs Motion for Partial Summary Judgment, it is in Opposition to Plaintiffs Motion

Plaintiffs Motion for Partial Summary Judgment is DENIED in its entirety.

BY THE COURT:

_____

J.

02-955

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KD GRAPHICS, INC. and JEFFREY KWAIT : | |
| **Plaintiffs,** : | |
| : | CIVIL ACTION NO. 02-4041 |
| v. : | |
| : | |
| TROPICAL GRAPHICS, INC. and PAUL HIRST : | |
| **Defendants**. | |

### DEFENDANTS MOTION IN OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants,Defendants, Tropical Graphics, Inc. ( Tropical ) and PaulDefendants, Tropical Graphics, Inc. (

HonorableHonorable Court tHonorable Court toHonorable Court to deny Plaintiffs Motion for Partial Summa

pertainingpertaining to Plaintiffs claims of defamation and violation of tpertaining to Plaintiffs claims of defa

TropicalTropical and Hirst respectfully request that this Motion be granted and Tropical and Hirst respectfully r

attach the accompanying Memorandum of Law.

DATE: December 13, 2002

                                              Respectfully submitted,

                                              REGER & RIZZO, LLP

By: _____
           Jason J. Sweet, Esquire
           1150 First Avenue
           Suite 250
           King of Prussia, PA 19406
           610-878-9901

           Attorney for Defendants

02-955

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KD GRAPHICS, INC. and JEFFREY KWAIT  :
          **Plaintiffs,**  :
                        :   CIVIL ACTION NO. 02-4041
   v.                         :
                        :
TROPICAL GRAPHICS, INC. and PAUL HIRST  :
          **Defendants**.

**DEFENDANTS MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.    FACTS:**

Defendant, Tropical Graphics, Inc. ( Tropical ), sells graphic desig[n] to more than fifteen hundred (1500) satisfied customers world[wide]. by Tropical is a house-brand ink known as Artainium Ink. Artaini[um] specialized printers known as sublimation printers. Sublim[ation] is passed through an ink jet printer onto regular paper, and then onto a substraight.

Plaintiff, KD Graphics ( KD ), as well as its President, [and sole] Ego, Jeff Kwait ( Kwait ) was a customer of Tropical beginning in August, 2001. [Kwait] inquired about purchasing a sublimation printer from Tropical Graphics but decided to [purchase] a printer from another source. However, from August, [2001 to _____,] KD placed four large order for Artainium ink with Tropical.

From the beginning of the relationship it was apparent [that Kwait did not know how] to operate the sublimation printer, or otherwise was careless and negligent in doing [so]. [In] August, 2001, Tropical offered KD a technical support services [contract for the] maintenance of the sublimation printer, but Kwait and KD refused to purchase t[he contract]. Despite refusing to pay for the contract, Kwait [continued to order ink].

Kwait admitted to Tropical that, on multiple occasions, he allowed ink to lay in t[he printer] for lengthy periods of time. Indeed, in the early [months of 2002, Kwait admitted that his business] suffered a down turn and that he had left the printer idle with ink in it for over [a month]. Tropical responded that this practice can damage the printer and sent Kwait a flushi[ng kit at] no charge to help foster good will. Kwait also tried to replace [parts of the printer himself,] against the advice of Tropical, which had recommended that he [have a professional do the] work. From August, 2001 to the beginning of April, 2002, Kwait and KD never complained [about] Tropical's Artainium ink. To the contrary Kwait and K[D continued to place repeated] orders. Tropical continued to work with Kwait and KD despite their [failure to pay for what] they ordered. Only after Tropical notified Kwait and KD in [writing that it would not send any] additional ink unless they paid their outstanding debt, did Kwa[it and KD allege that they had] problems with the printer on the Artainium ink.

Thereafter, Kwait's unreasonable conduct escalated. [Kwait attempted to extort money from] Tropical and threatened to disparage the good name and reputation of the company, produc[ts, and the] company's President, Paul Hirst. Further, for a period of [several days,] Tropical's fax machine was flooded with hundreds of thousands of blank faxes. Tropical [believes] that Kwait sent these faxes. As a result of us[ing Tropical's Artainium ink, Tropical lost] product orders, business and sustained damage to its customer relationships.

2

Contrary to the facts proffered by Plaintiffs in their Rule 56 Motion for Summary Judgment, genuine issues of material facts exist. Defendant Wells went onto the website for World Wide Ink and [text cut off] in this industry. If you deal with this company make sure you do it on a cash only basis [...] money is not safe. KD's name, address, phone and fax numbers were [text cut off]. However, no reference was made to Kwait on [text cut off] as Defendants assert truth as an absolute defense to Plaintiffs' [text cut off]. Plaintiffs' entire case boils down to nothing more [than] [text cut off] bills, or is unable to pay its bills due to a down turn of business, and who has [text cut off] an excuse for its refusal to pay. Additionally, the alleged defamatory statements by an [text cut off] employee, Simon Wells, was simply an expression of negative opinion which is not actionable.

Plaintiff is not entitled to partial summary judgment for [text cut off] business which does not have a personality that is hurt so intangibly to require [text cut off] defamation per se. Plaintiffs cannot prove through d[iscovery conducted to date, or in their] Motion for Partial Summary Judgment, that they have suffered [text cut off] to aver any specific damages in their Complaint or thus far in the case. Plaintiffs ca[nnot aver specific,] general damages nor special damages which [text cut off] per se.

Likewise, Plaintiffs are not entitled to partial summary [judgment on their] claims as the alleged conduct of [text cut off]. Furthermore, Plaintiffs support their Motion [text cut off] is ongoing, with depositions yet to be taken. Plaintiffs merely support their M[otion for Partial] Summary Judgment with an unsubstantiated hearsay Affidavit [text cut off]

3

only mirrors the allegations set forth in Plaintiffs' Complaint. Nowhere is evidence offered to support the elements required to claim defamation or under [...] of genuine material facts exist, the Plaintiffs are not entitled to judgment as a matter of law.

## II.    ARGUMENT:

### A.    Standard:

Rule 56(c) of the Federal Rules of Civil Procedure provides that a Motion f[or] Judgment shall be granted where all of the evidence available shows [...] of material fact and that the moving party is entitled to judgment [...] issue of fact is present, precluding summary judgment, when a[n] [...] all evidence, could rationally find in favor of the non-moving [party, burden is] placed on the nonmover. Gilbert v. The Bionetics Corporation, [...] 6, 2000) quoting US v. Premises known as R.R. #1 Box [...] (3rd Circuit 1994). All inferences must be viewed in a l[ight most favorable to the non-moving] party, and facts asserted by the non-moving party, if supported by sufficie[nt] evidentiary matter, must be regarded as true. Gilbert, 2000 WL807015 at *2.

Although it is in the Court's perview to determine whether the [...] of a defamatory meaning, genuine issues of material fact exist a[s to] Plaintiffs' defamation claim and whether Plaintiff suffered general or special harm resulting from Defendants' conduct. Defendants' employee Simon Wells' opinion that a De[fendant should] do business with the Plaintiffs on a cash only basis has substantial truth in that Paragr[aph ... of] Tropical's counterclaim avers that KD has [...] Tropical suffered damages as a result in the amount of $1,933.17

4

PlaintiffsPlaintiffs admit that theyPlaintiffs admit that they cannot provePlaintiffs admit that they cannot prove the

that that the that the damages be determined at trial. Whether that the damages be determined at trial. Whether Pl

as a result as a result of Defendants as a result of Defendants conduct is a genuine issue of material fact and a

defamation. defamation. Consequentia defamation. Consequentially, Defen defamation. Consequentially,

defamation defamation claim carries over to defamation claim carries over to its defense of Plaintiffs defamatio

Therefore, Plaintiffs Motion for Partial Summary Judgment should be dismissed in its entirety.

**B.  Plaintiff sPlaintiff s Motion for Partial Summary Judgment Plaintiff s Motion for Partial shouldshould be denied as genuine issues of material facts exist for Dshould be denied assertion of truth as a defense and Plaintiffs inability to prove damages.**

In order to prevail on a claimIn order to prevail on a claim for defamation, Plaintiff has the burden ofIn

defamatorydefamatory character of the communication;defamatory character of the communication; (2)defamato

toto the Plaintito the Plaintiffs; (to the Plaintiffs; (4) the understanding by the recipient of its defamato

understandingunderstanding by the recipient of it as intended understanding by the recipient of it as intende

resultingresulting to the Plaintiff from its publication;resulting to the Plaintiff from its publication; (7) abuse of a

Pa.C.S.A. §8343(a); <u>Gilbert,</u> 2000 WL807015 *3.

AA statementA statement is defamatory it is tends to harm an individual sA statement is defamatory it is

oror her in the communor her in the community or detor her in the community or deter third persons fro

<u>Synergy,Synergy, Inc. v. Scott-Levin, Inc</u>.,., 51 F. Supp. 2d 570, 580 (E.D. 570, 580 (E.D. PA 1999). It is with

Court sCourt s perview to determine whetherCourt s perview to determine whether the statements are capable o

<u>Id</u>.,., at 580. The Court should assess The Court should assess the effect that the statement is The Court should a

impressionimpression it would naturally engendimpression it would naturally engender impression it would

intendedintended to circulate. <u>Id</u>.,., at 579. A statement which., at 579. A statement which is simply an expressio

is not defamatory. <u>Id</u>., at 580.

In Pennsylvania, truth is an absolute defense... *3. The truth required to avoid liability for defamation... substantial truth. Id., at 3. While there is no set formula, Pennsylvania has determined proof of substantial truth must go to the gist of... v. Philadelphia Newspapers, Inc., 448 A.2d 6, 15 (Pa. Super. 1982). An issue of fact for the jury exists as to whether the alleged liable as published would have... the reader from that which the pleaded truth would have produced. Dunlop, 448 A.2d at 15.

Once the Court determines that the... requirements under the Pennsylvania D[efamation Act]... §8343(a)(6). Synergy, 51 F. Supp. 2d at 580. Special harm requires proof of... or out of pocket loss as a result of the defamation. Id., at 580... of the requirement of proving special damages where the... per se. Clemente v. Espinoza, 749 F. Supp. 672, 677 E.D. Pa. 1990. Whether the words allegedly used by a Defendant were defamatory per se, is also a question for the Court. Id., at 677.

Defamation per se can be either words re[garding]... disease; (3) business misconduct; or (4) serious sexual misconduct. Synergy, Inc., 51 F. Supp. at 580. A statement is defamatory per se as an accusation of business misconduct if it ascribes... another conduct, characteristics or a condition that would... conduct of his lawful business. Espinoza, 749 F. Supp. at 677... a mere general disparagement. Synergy, Inc., 51 F. Supp. 2d at 580. It must be the type that would be particularly harmful to an <u>individual</u> engaged in the Plaintiffs' business. Id., at 580 emphasis added. If statements w[ere]...

6

are not defamatory. Id., at 580.

Assuming arguendo that Defendants alleged posting on the web page does constitute defamation per se, relieving Plaintiff of the bur[den]... would still fail because Plaintiffs have not shown general damages; proof that KD s repu[tation] was actually affected by the slander or that it suffered personal humiliation. Supp. 2d at 581. Moreover, the Court in Synergy noted that [the doctrine] was developed out of need to provide a remedy for a person; that his reputation was [injured] by the very utterance of the defamatory words, even though the person [suffered no] pecuniary loss. Id., at footnote 9 emphasis added. Moreover, The Court stated that the rationale behind defamation per se loses its force when the victim is a corporation[.] Id., at footnote 9. In quoting the Honorable John G. Hayburn, [II in CMI, Inc. v. Intoximetris,] Inc., 918 F. Supp. 1068 (W.D.Ky 1995) it stated:

> The concept [of defamation per se] makes [a certain amount] of sense in the personal context. So far as [the Court] can tell, considerably less thought has been [given] to applying these concepts to the entirely different setting of business relationship [and] competition. Businesses do not have personalities that are hurt so intangibly. If a business is dam[aged], the damage usually reflected in the [lost sales] or profits. Therefore, the Courts should be very cautious about labeling as defamat[ory] comments made about a corporation or con[duct].
> Synergy, Inc., 51 F. Supp. 2d at 581, quoting Judge Hayburn, II in CMI, Inc. v. Intoximetris, Inc., 918 F. Supp. 1068, 1084 (W.D. Ky. 1995).

The Synergy court continued:

> The categories that make up defamation per se [speak] volumes about to whom the doctrine was intended to apply. Criminal offense, lothesome disease, bus[iness...]

7

> misconduct, serious sexual misconduct, allegations that would cause enormous humiliation and embarresment to a human being. A corporation, however, cannot be embarressed or humiliated. A corporation's humiliation would be damage to reputation; an injury that should translate to a pecuniary loss. If a corporation cannot point to a loss of revenues or profits, for what are we compensating it? Should the law allow corporations to avoid taking advantage of an exception to protect individuals, the rule of defamation per se as it applied to corporations has outrun its reason.

The Restatement (2d) of Torts, requires that Plaintiff in a showing of general damage, i.e. proof of reputational harm. In Synergy, the Court held that the Plaintiff must show general damages where the alleged defamation is per se. Synergy, 51 F. Supp. 2d at 582. The Court reasoned, [that Plaintiff did] not produce any evidence of general damages, [that Plaintiff's] reputation was negatively effected by [Defendants, or that Defendants'] effected any of the Plaintiff's business relationships. Id., at 582. Therefore, the Court found Defendants are entitled to summary judgment because there was no genuine issue regarding the essential element of the Plaintiff's defamation claim. Id., at 582.

In the case of bar, Plaintiffs did not allege facts sufficient to support damages, an essential element of Plaintiff's defamation claim. [Based upon the depositions) genuine issues of material fact exist as to whether Plaintiff suffered [damages] whatsoever. Therefore, Plaintiffs' Motion for Partial Summary Judgment should be denied.

Additionally, Plaintiffs' reliance on Clemente v. Espinoza, 749 F. Supp. 672 (E., 1990), in support of its defamation per se claim is misplaced. The Plaintiff in Espinoza was a

8

lawyer, which defendants alleged had connections with clearly an individual to which per se slander applies misconduct. The Plaintiff in <u>Espinoza,</u> as a practicing attorney, relies on both his honesty and utmost discretion in business dealings. The reasoning apply to this case as the alleged defamatory statements made by Tropical employee Simon Wells were against KD as a corporation or business entity not an individual. similarly to the reasoning in <u>Synergy</u>, the Plaintiff as a corporation, embarressed. Plaintiff cannot establish damage translated to a pecuniary loss.

With regard to the alleged defamatory web site posting itself, it is no more than Tropical's employee's opinion and not actionable. See <u>Beverly Enterprises, Inc. v. Trump</u> (3rd Cir. 1999). Mr. Well's statement neither impunes the Plaintiffs' fitness to conduct its printing operations. This statement negative opinion on Plaintiffs' reliability Inc.'s posting, does not in any way discourage business with the payment method be by cash only.

For example, the Court in <u>Beverly Enterprises v. Trump</u>, 182 F.3d 183, 182 F.3d 183 (3rd Cir. Cir. 1998) that alleged statements by a Union official that: "you people" company vice president "devoted his entire career to busting unions" that the vice president was "part of the World War II generation" were not defamatory per se. <u>Trump</u>, 192 Fed. 3d at 191. The Court reasoned that Trump's statements were undoubtedly offensive and distasteful, the law extend to mere insults. <u>Id.,</u> at 187. The Court further stated that in Pennsylvania

9

it has long been recognized that a distinction between actual defamation, insults, and other verbal abuse exists. Id., at 187.

Here, Tropical employee, Simon Wells statement watch If you deal with this company, make sure you do it on a cash only basis your money is not safe is merely an insult or his opinion. As a result of KD's continued from Tropical after Tropical continued to provide support as KD, Mr. Wells resorted to simple name calling which is frequently without any real intent to make a defamatory assertion, and it properly listeners to amount to nothing more. See Trump, 182 Fed. 3d at 188; *See also* Restatement (2d) of Torts, §566, comment E, (1977). As defamation does no Plaintiffs Motion for Partial Summary Judgment should be denied.

Additionally, Defendants in this matter assert tr claims. Defendants employee, Simon Wells, posted a statement asserting with Plaintiff should be done on a cash only basis as they have demonstrated a goods received. Defendants in Count I of their Counterclaim alleged breach KD's failure to pay Tropical Artainium Ink and bulk delivery system, and in the amount of $1,933.17 plus interest, for which KD is liable. Affirmative Defenses and First Amend paragraph 51, attached as Exhibit 1). In reply, Plaintiffs assert in Defenses to Defendants Amended Counterclaims that ship ink manufactured by BASF in that KD has suff result of Tropical Graphics breach. (See Plaintiff's Answer and Affirmative Defendants Amended Counterclaims, attached as Exhibit 2).

10

Summary Judgment failed to allege any facts Plaintiffs have not produced bills, cancelled checks, or other evidence of payment Defendants contention that KD still owed Tropical money for its failure to pay for the bulk delivery system, and a graphics project completed by Tropical. Moreover, KD raises a general issue of material fact in response to Tropical's Request for Admissions #1 which states:

> Admit that KD owes Tropical Graphics a total of $1,933.17 plus interest for ink and the bulk ink system that they purchased from Tropical Graphics, as well as a graphics project completed by Tropical Graphics for KD Graphics.

(See Defendants' first set of Request for Admissions directed to Plaintiffs).

KD's response raises a genuine issue of material fact through its denial stating:

> Denied. The bulk ink system was paid for in full. KD was billed for $495.00 on September 24, 2001.
> On December 28, 2002, KD paid that invoice in full.
> Denied that KD owes any money to Tropical since Tropical Graphics employed fraud to sell ink to KD. Tropical Graphics representedic ink was manufactured by BASF to KD. KD reasonably relied on these representations paid since the representation was made under fraudulent pretenses, KD was under no obligation to pay for the ink that was sold through fraud.

(See Plaintiffs' Answers to Defendants' Request for Admissions attached as Exhibit 4).

As stated above, a genuine issue of material fact also exists with regard to damages. Defendants' Interrogatory #12 requests that Plaintiffs state their claim in this litigation and identify all fact witnesses and documents that support your claim for damages. (See Defendants' first set of Interrogatories directed to Plaintiffs attached as Exhibit 5). In response Plaintiffs state:

11

> Damages will be fully identified in a damage report prepared by an economic expert which been retained by Plaintiffs. At this time, Plaintiffs are engaged in discovery and developing information which will be used to properly calculate Plaintiffs damages. Such a report will be provided to Defendants in accordance with a...

(See Plaintiffs' Answers to Defendants' Interrogatories #13), attached as Exhibit 6). Additionally, Plaintiffs were asked to identify any customer that they lost as a result of Defendants' defamatory statements. Defendants state:

> Admitted that Plaintiffs cannot currently identify any customers that were lost as a result of defamatory statements made by Defendants. However, due to the fact that statements were made over the internet, it is very difficult to identify potential customers who may have decided against contacting KD after seeing the website.

(See Exhibit 4, paragraph 8). Regarding any projects lost due to defamatory statements, Plaintiffs continued stating:

> Admitted that Plaintiffs cannot identify any customers or specific projects that we lost as a result of defamatory statements made by Defendants. However, due to the fact that statements were made over the internet, it is very difficult to identify potential customers deciding against contacting KD after seeing the website.

(See Exhibit 4, paragraph 9).

The above indicates that not only do genuine issues of material fact exist, but Plaintiffs' Motion for Partial Summary Judgment is improper as Plaintiffs have not conducted or completed discovery and, therefore, Plaintiffs' Motion has no basis.

**C.     Plaintiffs' Motion for Partial Summary Judgment for Defendants under the Lanham Act should be denied constitute commercial speech or advertising and Plaintiff has not shown it suffered actual or even a likelihood of damages.**

Plaintiff asserts a cause of action for violation of Section 43(a) of the Lanham Act, 15 USCA §1125(a). The statute states in relative part:

> Any person who, on or in connection with any goods or services, or container for goods, uses in commerce any word, term name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which... in commercial advertising or promotion represents the nature, characteristics, qualities or geographical origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or likely to be damaged by such act.
>
> 15 USCA §1125(a)(1)(B).

The Court of Appeals for the Third Circuit has interpreted the Lanham Act to require the Plaintiff to show that: (1) the defendant has made false or misleading statements as to his own or another's product or services; (2) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception is material and that substantial portion is likely to influence purchasing decisions; (4) that the advertised goods traveled in interstate commerce; and (5) that there is a likelihood of injury to the Plaintiff in terms of declining sales, loss of good will. <u>US Healthcare, Inc. v. Blue Cross of Greater Phila.</u>, 89 F. 2d 1924, 1922-23. To show entitlement to monetary damages under Section 43(a), the Plaintiff must show actual damages rather than a mere tendency. <u>Synergy, Inc.</u>, 51 F. Supp. 2d at 575.

13

Commercial advertising or promotion for the purposes [...] commercial speech; (2) by defendant in commercial compe[tition...] to influence customers to buy Defendant's products; (4) [...] relevant purchasing in public to constitute advertising or releva[nt...] 51 F. Supp. 2d at 576; J&M Turner, Inc. v. Applied Bolting Tec[h...] WL83766 (E.D. Pa. 1997). In determining whether speech is commercial, courts l[ook to the] definition of commercial speech: speech which does no more than propose a commercial transaction. Virginia Pharmacy Board v. Virginia Citizens Consumer[...] 762 (1976); *See also*, Gordon and Breach Science Publishers v. Ame[rican ...] F. Supp. 1521 (S.D. NY. 1994).

For example, the Court in Licata & Company v. Goldberg, 812 F. Supp. 403 (S[DNY 1993) held that former employees' statements to the [effect that a company could] no longer service its customers needs and is not qualif[ied...was not] deceptive commercial advertising within the meaning of the Lanham Act. [In] its decision, the Court reasoned that the Lanham Act's antideception provision (15 [U.S.C.] §1125(a)) is designated among other things to bar misleading commercial [advertising and would] be trivialized if it were applied to statements in all conversations to an individual custo[mer] concerning matters which an ordinary listener would recognize as perso[nal] representations of hard to definable facts such as produc[t quality ... The] Synergy court stated that: as distinct from commercial dispar[agement, the] Lanham Act is not a cause of action for malign[ant] misrepresntation and advertising about a particular [...]

51 F. Supp. 2d at 578; *See also*, <u>US Healthcare</u>, 898 F.2d at 921.

In the case at bar, the posting by Simon Wells was neither advertising or promotion the perview of the Lanham Act. The pos[ting was not intended to] influence customers to rebuff Plaintiffs' services and use Defendants['...] anyone reading Mr. Wells' web posting w[ould...] payment history to its suppliers.

Moreover, Mr. Wells' posting is not commerci[al...] Applying the definition from <u>Virginia Pharmacy Board</u>, Mr. Wells' statement does not prop[ose] a commercial transaction. Again, it merely reflects his op[inion of...] transactions with Plaintiffs as to their payment, or lack thereof, [...] the statement does not tell customers not to do business with [Plaintiffs...] potential suppliers as to how to do business with the Plaintiffs.

Plaintiff's reliance on <u>National Artist Management Company v. Weaving</u>, 769 F. Su[pp.] 1224 (S.D. NY. 1991) ("<u>NAMCO</u>") is misplaced and not applicable to the case. [In] <u>NAMCO</u>, a former officer of a talent booking company for theatrical productions had [made] disparaging phone calls to the plaintiffs' customers. [She was] attempting to establish a rival company and was directing her [efforts to the plaintiffs'] customer base. <u>Id.</u>, at 1235. The Court concluded that the plaintif[f had a claim] under the Lanham Act because of the context of the defendant['s attempt to] establish a rival business by undermining plaintiffs' customer base. <u>Id.</u>, at 1235.

To the contrary in the instant matter, Mr. Wells' opinion is not directed at [Plaintiffs'] customers or is Tropical attempting to establish a rival company. [His posting was] a result of his frustration from dealing with Plaintiffs' co[mpany...]

15

disparagement.

Finally,Finally, as discussed supra there is an issue of material fact as tFinally, as discussed supra the establishestablish actual damageestablish actual damage or even a likelihood of injuryestablish actual damage o willwill awill as a result of Mr. Wells opinion.  The Court merely has to look to Plaintiffswill as a result of PartialPartial Summary Judgment to see this.  Plaintiffs rPartial Summary Judgment to see this.  Plaintiffs allowedallowed to prove this essential element, which is a contested issue of materialallowed to prove this esse trial.  As a result, Plaintiffs Motion for Partial Summary Judgment must entirely fail.

### III.  CONCLUSION:

BasedBased on theBased on the foregoing, Defendants assert thatBased on the foregoing, Defendants as whichwhich would preclude granting Plaintiffwhich would preclude granting Plaintiffs Mwhich would pre DefendantsDefendants respectfully request that this Honorable Court deny PlDefendants respectfully reque Summary Judgment in its entirety and enter the proposed Order attached hereto.

                                      Respectfully submitted,

                                      REGER & RIZZO, LLP

By:  _____
        Jason J. Sweet, Esquire
        Attorney for Defendants

02-955

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KD GRAPHICS, INC. and JEFFREY KWAIT : | |
| **Plaintiffs,** : | |
| : | CIVIL ACTION NO. 02-4041 |
| v. : | |
| : | |
| TROPICAL GRAPHICS, INC. and PAUL HIRST : | |
| **Defendants**. | |

## CERTIFICATE OF SERVICE

    I,I, I, JASON J. I, JASON J. SWEET, ESQUIRE, hereby certify that I served a true and correct copy of Defendants Defendants Memorandum in Opposition to Plaintiffs Defendants Memorandum in Opposition to the following by mailing same, first class, postage prepaid on December 13, 2002:

        Andrew Lapat, Esquire
        STEIN AND SILVERMAN, P.C.
    230 South Broad Street, 18th Floor
        Philadelphia, Pa 19102

        By:   _____
            Jason J. Sweet, Esquire